**LAW OFFICES OF MITCHELL J. BAKER**
*Attorneys for Plaintiffs*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALERIE A. SCHER and PRESTON S. SCHER,   :

        Plaintiffs,   :

    -against-   :

SANDALS RESORTS INTERNATIONAL, LTD.   :
and UNIQUE VACATIONS, INC.,
      :
        Defendants.
      :
------------------------------------------------------------x

JURY TRIAL DEMANDED

07 CIV. 3847

COMPLAINT

WP4

Plaintiffs, by their attorneys, the Law Offices of Mitchell J. Baker, complaining of the above-mentioned defendants, for their complaint, allege as follows:

### Parties

1. Plaintiff Valerie A. Scher is a citizen and resident of the City of New Rochelle, State of New York.

2. Up to the time that Valerie was injured as more detailed below, she was an educator at the Rye Psychiatric Hospital, Rye, New York.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

3. Plaintiff Preston S. Scher is a citizen and resident of the City of New Rochelle, State of New York.

4. At all times relevant herein Preston is the Senior Judge for the City of New Rochelle City Court, State of New York.

5. At all times relevant herein Preston and Valerie are husband and wife.

6. Defendant Sandals Resorts International, Ltd. (hereinafter referred to as "Sandals") is a corporation or other form of business entity organized pursuant to and existing pursuant to a jurisdiction other than the State of New York.

7. Upon information and belief, Sandals has a principal place of business in a jurisdiction outside of the State of New York.

8. Upon information and belief, Sandals owns and/or operates the resort commonly known as the Sandals Royal Caribbean Resort located in Montego Bay, Jamaica (hereinafter sometimes referred to as the "Royal Caribbean" or the "Resort").

9. Upon information and belief, defendant Unique Vacations, Inc. (hereinafter referred to as "Unique") is a corporation or other form of business entity organized pursuant to and existing pursuant to a jurisdiction other than the State of New York.

10. Upon information and belief, Unique has a principal place of business in a jurisdiction outside of the State of New York.

11. Upon information and belief, Unique is, among other things, the marketing and promotional arm of defendant Sandals, and it an agent of defendant Sandals.

## Jurisdiction

12. The amount of controversy in this matter exceeds the amount of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interests and costs.

13. This Court has jurisdiction over this matter due to diversity of citizenship, 28 U.S.C. Section 1441.

14. Venue of this matter is proper in the Southern District of New York pursuant to 28 U.S.C. Section 1391(a).

## Background

15. On or about January 20, 2007 Mr. and Valerie traveled from New York to Jamaica, West Indies to stay at the Resort for a vacation.

16. After arriving at the Resort, on or about January 21, 2007 Valerie was walking lawfully at the resort and was caused to trip and fall in a certain patio area.

17. Specifically, Valerie fell at an area of such patio which contained a prominent drop.

18. The area of the patio did not indicate or make any person walking in the area aware of such potential trap and/or hazard.

19. Due to the fall which occurred, Valerie immediately was transported by ambulance to a local hospital wherein she was diagnosed with a broken shoulder, knee and leg.

20. Valerie then took the next available flight back to the United States to obtain medical treatment for the severe injuries she suffered.

21. Upon arrival in the United States, Valerie was diagnosed as having many bone fragments in her right shoulder, a broken knee and bone in her leg.

22. Valerie was operated on at White Plains Hospital and spent approximately nine (9) days in such hospital.

23. Thereafter, Valerie was transferred to the Schaeffer Extended Care Enter and was bed ridden for numerous weeks.

24. Valerie has been unable to work since the date of her accident, and she has not been able to do the normal and usual things that she does.

## AS AND FOR A FIRST CLAIM FOR RELIEF

(Common Law Negligence)

25. Defendants owed Plaintiffs a duty to construct and maintain the Resort, and the patio area, in a safe condition which did not create any hazards and/or traps.

26. Defendants breached such duty to maintain the Resort, and the patio area in particular, in a safe condition which did not create any hazards and/or traps.

27. Due to such breach of a duty, Plaintiff Valerie was injured.

28. Plaintiff Valerie has been damaged.

## AS AND FOR A SECOND CLAIM FOR RELIEF

(Loss of Consortium)

29. Plaintiffs repeat and reallege the statements and allegations contained herein as if more fully set forth herein.

30. Plaintiff Preston has been damaged due to the loss of consortium that he has suffered due to the condition of his wife.

31. Defendants are liable to Preston.

WHEREFORE, Plaintiffs demand judgment against defendants as follows:

1. On the first cause of action, an amount to be determined herein, but in an amount in excess of the jurisdiction of all inferior Courts;

2. On the second cause of action, an amount to be determined herein, but in an amount in excess of the jurisdiction of all inferior Courts;

3. Costs and disbursements of this action;

4. For such other, further and different relief this Court deems just.

Dated: White Plains, New York
       May 16,. 2007

LAW OFFICES OF MITCHELL J. BAKER
*Attorneys for Plaintiffs*

By: _____
    Mitchell J. Baker
One North Lexington Avenue
White Plains, New York 10601
914.681.9500