David B. Newman, Esq. (DN9577)
Amish R. Doshi, Esq. (AD5996)
**DAY PITNEY LLP**
7 Times Square
New York, New York 10036
Telephone: 212-297-5800
Facsimile: 212-916-2940

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

VALERIE A. SCHER AND PRESTON S. SCHER,

    Plaintiff,

-against-

SANDALS RESORTS INTERNATIONAL LTD,
and UNIQUE VACATIONS, INC.,

    Defendants.

**CASE NO. 07 CIV 3847**

**ANSWER**

    Defendants, Sandals Resorts International, Ltd. and Unique Vacations, Inc., by and through their counsel Day Pitney, LLP, as and for their Answer, state as follows:

    1.    Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 1 of the Complaint.

    2.    Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 2 of the Complaint.

    3.    Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 3 of the Complaint.

    4.    Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 5 of the Complaint.

6. Admit the allegations contained in paragraph 6 of the Complaint.

7. Admit the allegations contained in paragraph 7 of the Complaint.

8. Deny the allegations contained in paragraph 8 of the Complaint.

9. Admit the allegations contained in paragraph 9 of the Complaint.

10. Admit the allegations contained in paragraph 10 of the Complaint.

11. Deny the allegations contained in paragraph 11 of the Complaint.

12. Deny the allegations contained in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 13 of the Complaint.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 15 of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 24 of the Complaint.

25. Deny the allegations contained in paragraph 25 of the Complaint.

26. Deny the allegations contained in paragraph 26 of the Complaint.

27. Deny the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth to the allegations contained in paragraph 28 of the Complaint.

29. Repeat and reallege the responses to the allegations contained in paragraph 29 of the Complaint.

30. Deny the allegations contained in paragraph 30 of the Complaint.

31. Deny the allegations contained in paragraph 31 of the Complaint.

## **FIRST DEFENSE**

32. This cause is governed by the law of another jurisdiction and is subject to the limitations and restrictions of liability and damages provided herein.

**SECOND DEFENSE**

33. The loss alleged was caused in whole or in part by the negligence of others, not responding defendants, the said entities to be further identified by amendment hereto based upon discovery to be taken in this cause.

**THIRD DEFENSE**

34. The acts or omissions of responding defendants, if any there be, were not the proximate or legal cause of the loss alleged.

**FOURTH DEFENSE**

35. The loss alleged was caused by superseding or intervening acts, not by the acts or omissions of responding defendants, if any there be.

**FIFTH DEFENSE**

36. The loss alleged was not foreseeable by responding defendants.

**SIXTH DEFENSE**

37. This cause should be dismissed or alternatively transferred pursuant to the doctrine of forum non conveniens to be more fully set forth by motion upon the discovery in this cause.

**SEVENTH DEFENSE**

38. Responding defendants are entitled to a credit or set-off for liability and fault attributed to others.

**EIGHTH DEFENSE**

39. Responding defendants are entitled to a credit or set-off for all monies and benefits received from collateral sources.

## NINTH DEFENSE

40. The Complaint fails to state a cause of action as to responding defendants.

## TENTH DEFENSE

41. Venue is not properly within this Judicial District.

## ELEVENTH DEFENSE

42. Responding defendants do not own or operate the resort where the incident is alleged to have taken place.

## TWELFTH DEFENSE

43. This Court does not have personal jurisdiction over responding defendants.

## THIRTEENTH DEFENSE

44. The Court lacks subject matter jurisdiction over this action.

## FOURTEENTH DEFENSE

45. The Complaint fails to join all parties necessary for a just adjudication.

## FIFTEENTH DEFENSE

46. This cause should be dismissed as plaintiff signed a release of liability.

**WHEREFORE,** Defendants respectfully request judgment dismissing the Complaint, together with an award of costs and such further relief as the Court deems proper.

Dated:   June 19, 2007               **DAY PITNEY LLP**
         New York, New York          Attorneys for Defendants


                                     By:   /s/ Amish R. Doshi
                                         David B. Newman (DN9577)
                                         Amish R. Doshi (AD5996)
                                         7 Times Square
                                         New York, New York 10036
                                         Telephone:  (212) 297-5832
                                         Facsimile:   (212) 916-2940